## LAMBERT *v.* FREESE.

### (*District Court, N. D. California.* January 22, 1890.)

COLLISION—EVIDENCE.
A barge built of four-inch planks, with the usual guard along the gunwale, collided with a dredger built of timbers 12 inches square, firmly fastened together with log-screws, and further strengthened by iron bands. The dredger afterwards sunk. *Held,* that the fact that the barge sustained no injury from the collision showed that the sinking of the dredger could not have been caused thereby.

In Admiralty.
*E. P. Cole,* for libelant.
*Milton Andros,* for respondent.

HOFFMAN, J. The libel in this case is filed to recover the value of a dredger alleged to have sunk at the Devil's Elbow, in the San Joaquin river, in consequence of being struck by a barge in tow of a tug-boat owned by the respondent. The testimony is very voluminous. It is unnecessary to examine it in detail. That the dredger was struck by the barge is, I think, clear. But whether through the fault of either the latter or of the tug may admit of doubt. The dredger was moored in a sharp bend of the stream within, as one of the libelant's witnesses states, 40 to 50 feet of the edge of the channel. It appears that in making a sharp turn at the Devil's Elbow tugs descending the river with barges in tow find great difficulty in preventing the latter from sheering towards

the left bank. Collisions from this cause are of very frequent occurrence, but usually attended by no serious consequences. The tug was going on "the slow bell," which would give her a velocity through the water not much more than was necessary for her to retain steerageway. The tow-line was of the usual and proper length. There seems to have been no want of diligence on the part of the persons in charge of either vessel. The dredger was moored in the part of the bend, which, perhaps, unnecessarily increased the difficulties and dangers of the navigation by tugs and tows coming down the river. Had her position been a little lower down, or, possibly, a little higher up, it seems to me that those difficulties and the chances of collision would have been appreciably diminished. But I do not insist on this point; for I have found it impossible to reconcile the libelant's contention, that the dredger sunk in consequence of the collision, with the fact that the barge sustained no injury whatever. The dredger appears to have been constructed of very heavy material. Its hull was formed of timber or logs laid one above another in a tier, five logs in height. These timbers were twelve inches square, and were firmly fastened together by log-screws. There was, on each side a spud case, also constructed of heavy timbers, while the strength of the structure was further increased by iron bands or straps, the position of which it is unnecessary to describe. The barge was built of four-inch planks, with the usual fender or guard running along the gunwale. It appears to me, that it was impossible for the barge to have struck the dredger with a force sufficient to cause the latter to sink, without herself sustaining damages which would have borne witness to the violence of the collision. That this was the view of the parties in interest, immediately after the occurrence, may be reasonably inferred from their conduct. A few days after the accident, the respondent, Mr. Freese, was called upon by a person supposed to be the owner, or agent of the owner, of the dredger. Mr. Freese represented to him that the dredger could not have been sunk by the barge, as the latter had sustained no injury whatever, and that the sinking of the dredger must have been caused by her leaking, or by carelessness and neglect of those in charge of her. Whether the owners of the dredger acquiesced in this view does not appear; but it is certain that the present libel was not filed until nearly two years afterwards. As to the condition of the dredger with respect to the leaking, the testimony is irreconcilably conflicting. There is much, however, in the evidence of Mr. Spurgeon, a witness for the libelant, that seems to indicate a singular want of care, or an indifference, on the part of the two persons in charge of the barge after the accident occurred; or, perhaps, their conduct may be explained by the absence of any expectation on their part that any serious consequences would result from the collision. On the whole, I am of opinion that the libelant has not satisfactorily shown that the sinking of the dredger was caused by the collision. Libel dismissed.